No. ——

First Circuit

——

DOLESE v. ROUSSEAU

——

(April 1, 1926. Opinion and Decree)
(May 4, 1926. Rehearing Refused)

——

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Sales—Par. 218, 232.**

It is the duty of the vendor of an automobile to correct a short circuit in the lighting and ignition system which existed at the time the car was sold, but was not apparent or discoverable by the purchaser at that time.

Appeal from the Parish of Ascension, Hon. Samuel LeBlanc, Judge.

Action by Eugene D. Dolese against U. A. Rousseau and Company, Inc. There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Guion and Talbot, of New Orleans, attorneys for plaintiff, appellee.

Howell, Wortham and Howell, of Donaldsonville, attorneys for defendant, appellant.

ELLIOTT, J. Eugene D. Dolese brought suit against U. A. Rousseau & Co., Inc., to rescind the sale and receive the sum of $946.00 paid by plaintiff to defendant for a Chevrolet sedan automobile, on the ground that the automobile did not give satisfactory service; due to defect in the equipment at the time he acquired it.

Defendant contends that there was nothing wrong with the automobile.

The evidence shows that the trouble was with the electric starting appliances. In three weeks after plaintiff bought the car the battery was exhausted. Plaintiff had it re-charged and it was soon exhausted again. He had it re-charged again, but it soon went down. He took the car back to defendant's garage and defendant put in a new battery free of charge; but the same trouble continued. Defendant then put in new wiring, but the trouble persisted. Defendant then found a short circuit which he removed. This short circuit was caused by lack of oiling, but after this trouble was removed the battery still continued to go down, due to a short circuit.

After about eight months plaintiff became dissatisfied and demanded his money back.

Clarence Landry seems to have no interest in the matter. He was the last person to examine plaintiff's car. On page 17 of the note of testimony he was asked the following questions by the attorney for defendant:

By Mr. Wortham:

"Q. Do you remember the last time you worked on Mr. Dolese's car?
"A. No sir. The last time he brought it there was, just before he filed the suit, and he asked me what I thought about it and I told him the short circuit was still there."

The trouble was a chronic defect. It was not apparent or discoverable by plain-

tiff, but evidently existed at the time the car was sold to him. It gave so much trouble that plaintiff's discontent was justified.

Defendant contends that it was due to the neglect or fault of the plaintiff. That on one occasion plaintiff left the lights burning, which discharged the battery. Another time, due to his failure to oil the mechanism of the self starter, a friction developed which caused a circuit which discharged the battery. But we are satisfied from the evidence that the trouble was with the wiring of the car, and existed from the beginning and still exists; notwithstanding all the matters found by defendant.

If the trouble was so small a matter as defendant contends, he should have found it and removed it. He had ample opportunity, but a short circuit discharging the battery is still somewhere in the equipment.

Defendant contends that he sold the car as the agent of the manufacturer; and that the manufacturer warranted only certain things. But defendant did not call plaintiff's attention to the character of the warranty, on which defendant contends.

We think plaintiff has not received the service from the car that he was entitled to receive, due to a defect in the equipment at the time the car was sold to plaintiff.

The judgment appealed from is correct.